UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMON MCFARLAND | * | CIVIL ACTION NO. 2:18-cv-6789 |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| PROTECTIVE INSURANCE | * | |
| COMPANY, KELLY TOURS, INC., | * | |
| DAVID M. ROBISON, AND STATE | * | MAGISTRATE: |
| FARM MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Kelly Tours, Inc., David M. Robison, and Protective Insurance Company ("Defendants"), who respectfully submit this *Notice of Removal* pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, and hereby remove this matter from the docket of Civil District Court for the Parish of Orleans, State of Louisiana, to the docket of this Honorable Court, as follows:

1.

The above-entitled suit is a civil action that was previously filed by Plaintiff, Damon McFarland ("Plaintiff"), in Civil District Court for the Parish of Orleans, State of Louisiana, Civil Docket Number 18-1351, Div. "L", and is presently pending therein. In particular, Plaintiff filed his *Petition for Damages* on February 9, 2018. *See* Exhibit "A," *Petition for Damages*.

2.

Plaintiff seeks a judgment against Defendants for personal injuries and various other categories of damages arising out of a motor vehicle accident that allegedly occurred on or about February 26, 2017 on eastbound Interstate 10, between Crowder Road and Read Boulevard in the

City of New Orleans, Parish of Orleans, State of Louisiana. *See* Exhibit "A" at Paragraph II.

3.

As set forth in more detail below, the *Petition for Damages* and the above-entitled suit is removable to this Honorable Court pursuant to 28 U.S.C. §1332 and 28 U.S.C. § 1441, and 28 U.S.C. § 1446, as complete diversity exists between Plaintiff and "all properly joined and served defendants," and the requisite amount in controversy to invoke the jurisdiction of federal courts is present.

I. **REMOVAL TO THIS HONORABLE COURT IS TIMELY.**

4.

As stated above, Plaintiff's *Petition for Damages* was filed on February 9, 2018 in Civil District Court. Notably, Plaintiff's *Petition for Damages* is altogether silent as to the amount in controversy; rather, the *Petition* states broadly that Plaintiff sustained "severe, permanent, and disabling bodily injuries" and that Plaintiff seeks "past and future physical pain and suffering, past and future mental pain and suffering, mental anguish, disability, permanent impairment, permanent disfigurement and scaring, past and future medical expenses, rehabilitation expenses, lost wages, loss of earning capacity, loss of services, loss of society and loss of enjoyment of life," as well as legal interest and costs. *See* Exhibit "A" at Paragraphs I and IV.

5.

On February 19, 2018, undersigned counsel attempted to determine and confirm whether Plaintiff would consent to stipulating that his damages and the amount in controversy are less than $75,000.00; however, counsel for Plaintiff responded by stating that "[m]y client cannot stipulate to less than $75,000 at this time." *See* Exhibit "B," email correspondence from counsel for Plaintiff, dated February 21, 2018.

6.

Then, on February 21, 2018, Defendant David M. Robison was served with Citation and the *Petition for Damages* via the Louisiana Long Arm Statute. Further, on February 21, 2018, Defendant Kelly Tours, Inc. was served with Citation and the *Petition for Damages*, also via the Louisiana Long Arm Statute. Further, on February 22, 2018, Defendant Protective Insurance Company was served with Citation and the *Petition for Damages* via the Louisiana Secretary of State's office in Baton Rouge, Louisiana. Finally, on February 22, 2018, Defendant State Farm Mutual Automobile Insurance Company was served with Citation and the *Petition for Damages* via the Louisiana Secretary of State's office in Baton Rouge, Louisiana.

7.

Defendants filed an *Answer* to the *Petition for Damages* on April 19, 2018, and on April 24, 2018, Defendants propounded *First Interrogatories* and *First Requests for Production of Documents* to Plaintiff, the latter seeking, among other things, Plaintiff's medical records. *See* Exhibit "C," Defendants' *Answer*, and Exhibit "D," correspondence to counsel for Plaintiff on April 24, 2018.

8.

On June 26, 2018, Plaintiff provided answers, objections, and responses to Defendants' written discovery requests; Defendants received a compact disc containing certain referenced attachments, including Plaintiff's medical records, on the following day, June 27, 2018. *See* Exhibit "E," email correspondence from counsel for Plaintiff's Legal Assistant on June 26, 2018.

9.

Subsequently, on June 29, 2018, Plaintiff provided an additional medical record of Dr. James C. Butler, one of Plaintiff's treating physicians. *See* Exhibit "F," email correspondence

from counsel for Plaintiff's Legal Assistant on June 29, 2018, as well as accompanying report from Dr. Butler dated June 13, 2018.

10.

As a result of the foregoing, removal of this matter to this Honorable Court is timely, as this *Notice of Removal* is being filed within 30 days of Defendants' receipt of Plaintiff's discovery production, and as 28 U.S.C. § 1446 states, in pertinent part, that "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order <u>or other paper</u> from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3) [emphasis added].

11.

The Fifth Circuit has held that a plaintiff's discovery responses constitute "other paper" sufficient for removal pursuant to 28 U.S.C. § 1446(b)(3). *Chapman v. Powermatic, Inc*. 969 F.2d 160, 164 (5th Cir. 1992). Furthermore, "discovery-type documents," such as medical records, also constitute "other paper" under § 1446. *E.g., Cole v. Knowledge Learning Corp.*, 2009 WL 1269591 at *2-3 (E.D. La. 5/6/09), *citing Eggert v. Britton*, 223 Fed. Appx. 394, 396-97 (5th Cir. 2007); *see also, Tross v. Ritz-Carlton Hotel Co., LLC*, No. 3:11-01326 (D. Conn. 2/24/12); 2012 WL 603302 at *2 "[Plaintiff's] medical records provided to defendants … are considered 'other paper' within the meaning of the statute … [as they] enabled the defendant to 'intelligently ascertain' the amount in controversy exceeded $75,000."].

## II.   COMPLETE DIVERSITY AMONG ALL PARTIES EXISTS.

12.

Plaintiff's *Petition for Damages* states that he is a person of the full age of majority and a

4

resident of and domiciled in the Parish of Orleans, State of Louisiana and therefore is a citizen of the State of Louisiana. *See* Exhibit "A," Preamble.

13.

Plaintiff's *Petition for Damages* further states that Defendant, David M. Robison, is "a person of the full age of majority and resident of the [City of] Ashburn, State of Georgia." *See* Exhibit "A" at Paragraph I. David M. Robison is, in fact, a domiciliary of the State of Georgia.

14.

Plaintiff's *Petition for Damages* further states that Defendant, Kelly Tours, Inc., is "a foreign corporation." *Id.* In fact, Defendant, Kelly Tours, Inc., is a Georgia domiciliary and an incorporation organized under the laws of the State of Georgia, with its principal place of business in Garden City, Georgia. *See* Georgia Secretary of State website information located at the following address:

https://ecorp.sos.ga.gov/businesssearch/BusinessInformation?businessId=986604&businessType=Domestic%20Profit%20Corporation.

15.

Plaintiff's *Petition for Damages* further states that Defendant, Protective Insurance Company, is "a foreign insurance corporation authorized to do and doing business in the Parish of Orleans. *See* Exhibit "A" at Paragraph I. In fact, Protective Insurance Company is domiciled and a citizen of the State of Indiana. *See* Exhibit "G," information obtained from the Louisiana Department of Insurance; as well as https://www.protectiveinsurance.com/about.

16.

Plaintiff's *Petition for Damages* further states that Defendant, State Farm Mutual Automobile Insurance Company, "a foreign insurance corporation authorized to do and doing

business in the Parish of Orleans. *See* Exhibit "A" at Paragraph I. In fact, State Farm Mutual Automobile Insurance Company is domiciled and a citizen of the State of Illinois. *See* Exhibit "H," information obtained from the Louisiana Department of Insurance; as well as https://www.statefarm.com/customer-care/contact-us.

17.

As a result of the foregoing, complete diversity of citizenship exists between Plaintiff and all "properly joined and served" Defendants. 28 U.S.C. § 1441(b)(2). Plaintiff is a citizen of the State of Louisiana; David M. Robison is a citizen of the State of Georgia; Kelly Tours, Inc. is a citizen of the State of Georgia; Protective Insurance Company is a citizen of the State of Indiana; and State Farm Mutual Automobile Insurance Company is a citizen of the State of Illinois.

### III.  ALL DEFENDANTS CONSENT TO REMOVAL.

18.

Removal requires the unanimous consent of all defendants. 28 U.S.C. § 1446(b)(2)(A). In this regard, counsel for Defendants represents that he has consulted with counsel for State Farm Mutual Automobile Insurance Company, and although not a party to this *Notice of Removal*, State Farm consents to removing this matter to this Honorable Court.

### IV.  THE REQUISITE AMOUNT IN CONTROVERSY IS PRESENT.

19.

Louisiana Code of Civil Procedure Article 893 specifically prohibits the pleading of the amount of monetary damages sought. However, Plaintiff's *Petition for Damages* does not comply with the Louisiana Code of Civil Procedure in that it does not contain a general allegation that the claims are more or less than the requisite amount for federal court diversity jurisdiction, as is specifically required by LSA-C.C.P. Art. 893(A)(1).

20.

As discussed above, Plaintiff's *Petition for Damages* is silent as to the amount in controversy; rather, the *Petition* states broadly that Plaintiff sustained "severe, permanent, and disabling bodily injuries" and seeks numerous categories of general and economic damages. *See* Exhibit "A" at Paragraphs I and IV.

21.

Plaintiff has declined to stipulation that his damages are insufficient to satisfy the jurisdictional limits of this Court, and the *Petition for Damages* is also silent with respect to the amount required for a jury trial.

22.

Under such circumstances, the removing party typically must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *E.g., Grant v. Chevron Phillips Chem. Co., L.P.*, 309 F. 3d 864, 868 (5th Cir. 2002), *cert. denied*, 538 U.S. 945 (2003); *Maze v. Protective Ins. Co.*, 2017 WL 164420 at *2 (E.D. La. 1/17/2017) (*citing Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F. 3d 720, 723 (5th Cir. 2002); *DeAguillar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1994). *See also*, *Fayard v. Zurich American Ins. Co.*, No. 6:10-0058 (W.D. La. 10/19/2010); 2010 WL 4220175.

23.

When the *Petition for Damages* is itself unclear as to the total amount at issue, the removing defendant is entitled to set forth other facts demonstrating that the plaintiff's claim exceeds the requisite amount of $75,000.00. *E.g., St. Paul Reins Co., Ltd. v. Greenberg*, 134 F.3d 1250 (5th Cir. 1998).

24.

Included in Plaintiff's discovery production are certain invoices for medical services from (1) Medical Rehab, dated May 16, 2018 in the total amount of $14,193.00; (2) Dr. James Butler, dated June 19, 2018 in the total amount of $406.00; and (3) Diagnostic Imaging Services, dated Jul7 17, 2017 in the total amount of $3,762.00. *See* Exhibit "I." Upon information and belief, the total expenses for Plaintiff's medical treatment to date exceed these amounts, but at a minimum, these documents memorialize medical expenses totaling $18,361.00.

25.

In addition to medical expenses, a post-accident MRI of Plaintiff's lumbar spine obtained from Diagnostic Imaging Services on May 29, 2017 memorializes the following Impression, as interpreted by radiologist Dr. Christopher F. Lawrence, M.D.: "Central disc herniation/protrusion with an associated annular tear posteriorly at the L5-S1 level with desiccation of the L4-5 disc." *See* Exhibit "J," MRI Reports of Diagnostic Imaging Services dated May 29, 2018.

26.

A separate, post-accident MRI of Plaintiff's cervical spine from Diagnostic Imaging Services, obtained on the same date, contains the following impression of Dr. Lawrence: "Annular disc bulges posteriorly at the C3-4 and the C4-5 and C5-6 levels with desiccation of the discs at these levels." *See* Exhibit "J."

27.

Spine injuries vary by severity, though they often alone exceed $75,000.00, particularly herniations. *See, e.g. Smith v. Goetzman*, 97-0968 (La. App. 1 Cir. 9/25/98); 702 So. 2d 39 [automobile accident causes moderate disc bulge and depression, ongoing treatment – $80,000

general damage award]; *Keller v. City of Plaquemine*, 96-1933 (La. App. 1 Cir. 9/23/97); 700 So. 2d 1285 [disc herniation, persistent pain, surgery unlikely – $125,000 award]; *Hoyt v. Gray Insurance Company*, 00-2517 (La. App. 4 Cir. 1/31/02); 809 So. 2d 1076 [mild lumbar disc herniation, thoracic spine soft tissue injury – $150,000 general damage award]; *Theriot v. Torch Operating Co., et al.*, No. 96-3246 (E.D. La. 1998); 1998 WL 1108478 [motor vehicle accident resulting in cervical disc herniation – $242,938.00 award to the plaintiff].

28.

The potential damages for Plaintiff's alleged spinal injuries are alone sufficient to establish the requisite amount in controversy of $75,000.00. However, Plaintiff also produced an *additional* post-accident MRI from Diagnostic Imaging Services pertaining to his left shoulder. Dr. Lawrence's Impression relative to this diagnostic study was as follows: "Tear of the distal aspect of the conjoined tendon at the junction of the posterior aspect of the supraspinatus and anterior aspect of the infraspinatus tendons. Findings suspicious for a superior labral tear extending from anteriorly to posteriorly which could be further assessed and confirmed with an MRI shoulder arthrogram." *See* Exhibit "J."

29.

As indicated above, Plaintiff has also produced Dr. Butler's June 13, 2018 report relative to Plaintiff's left shoulder. In that document, Dr. Butler indicates that Plaintiff was administered a "left shoulder subacromial corticosteroid injection." Additionally, Dr. Butler wrote the following: "If a previous left shoulder MRI is available and shows subacromial impingement and/or rotator cuff pathology the and more than [sic] likely we will recommend a left shoulder arthroscopy with subacromial decompression plus or minus rotator cuff repair." *See* Exhibit "F."

30.

As a result, the possibility of a surgical procedure on Plaintiff's left shoulder has been at least preliminarily discussed, and the MRI has been interpreted to indicate a shoulder tear.

31.

Under such circumstances, damages for Plaintiff's shoulder injury alone could easily surpass the jurisdictional threshold of $75,000.00. *See, e.g., Miller v. Credit*, No. 12-138 (M.D. La. 7/8/15); 2015 WL 4132981 at *4, *aff'd sub nom. Miller v. Captain Credit*, 631 Fed.Appx. 248 (5th Cir. 2016) [plaintiff sustained a "small" tear of the supraspinatus – $300,000 general damages award]. Louisiana courts have also held that shoulder injuries resulting in tears can alone exceed $75,000.00. *See, e.g.*, *Quinn v. Wal-Mart Stores, Inc.*, 34,280 (La. App. 2 Cir. 12/6/00); 774 So. 2d 1093, 1101 [the plaintiff suffered a torn labral that was surgically repaired and also a torn rotator cuff that may require additional surgery - $150,000 in damages]; *Burch v. SMG, Schindler Elevator Corp.*, 14-1356 (La. App. 4 Cir. 4/7/16); 191 So. 3d 652 [plaintiff sustained torn rotator cuff and underwent an arthroscopic procedure - $200,000 in general damages]; *Scharfenstein v. Avena Shipping of Cyprus*, 13-497 (La. App. 5 Cir. 12/12/13); 131 So.3d 256, 272 [the plaintiff suffered a rotator cuff tear – general damages of $250,000].

32.

In addition to the foregoing, Defendants respectfully submits that Plaintiff's failure to execute a binding stipulation that damages do not exceed the jurisdictional limits serve as additional grounds for removal. *See*, *e.g.*, *Simpson v. Dollar Tree Stores, Inc.*, No. 15-2107 (W.D. La. 9/21/15); 2015 WL 5566704 [noting that a plaintiff's refusal to stipulate may constitute evidence that the amount in controversy is in excess of the requisite amount]; *Broadway v. Wal-Mart Stores, Inc.*, No. 00-1893 (E.D. La. 10/18/00); 2000 WL 1560167 *2; *see*

*also*, *Belvin v. Home Depot USA, Inc*. No. 07-1035 (E.D. La. 8/30/2007); 2007 WL 291428 [denying the plaintiffs' motion to remand upon finding defendants satisfied their burden of demonstrating the amount in controversy exceeded $75,000 and plaintiff failed to "affirmatively renounce the right to accept a judgment in excess of $75,000 for his pre-removal state court pleadings and stipulations to bind him," *quoting Davis. V. State Farm Fire & Cas*. Nos. 06-560 *et al*. (E.D. La. 6/7/2006); 2006 WL 1581272 at *2.

33.

As demonstrated above, this Honorable Court has original jurisdiction over this action pursuant to 28 USC 1332(a), because the amount in controversy, exclusive of interest and costs, clearly exceeds the sum or value of $75,000.

V.   **NOTICE TO PARTIES AND TO CIVIL DISTRICT COURT.**

34.

Undersigned certifies that the state court and all parties to the state court action have been provided with notice of this *Notice of Removal*, pursuant to 28 USC § 1446(d).

35.

Pursuant to 28 USC § 1446(a), Defendants attach copies of all "process, pleadings and orders served upon such defendant or defendants in such action"; which have been certified as the complete record by Civil District Court. *See* Exhibit "K."[1]

36.

As noted in *Barnes v. Progressive Paloverde Insurance Company*, No. 16-817 (M.D. La. 2/17/2017); 2017 WL 1856285, citing the Fifth Circuit's controlling guidance in *Allen v. R&H Oil & Gas Co*., 63 F. 3d 1326, 1335 (5th Cir. 1995), "[i]n order for a court to refuse jurisdiction

---

[1]   The certified pleadings did not include a *Judgment* on Defendants' *Dilatory Exception*, which *Judgment* was just signed on July 10, 2018, and which *Judgment* is therefore attached hereto as Exhibit "L."

11

'it [must] appear to a legal certainty that the claim is really for less than the jurisdictional amount.' *Allen*, 63 F. 3d at 1335." Defendant respectfully submits that the foregoing demonstrates removal to this Honorable Court is proper and in accordance with applicable law.

## VI. DEFENDANTS' JURY DEMAND.

37.

Defendants, Kelly Tours, Inc., David M. Robison, and Protective Insurance Company, are entitled to and hereby reiterate their request for a trial by jury on all issues herein.

**WHEREFORE**, Defendants, Kelly Tours, Inc., David M. Robison, and Protective Insurance Company, prays that the suit entitled, "*Damon McFarland v. Kelly Tours, et al.*," now pending in Civil District Court for the Parish of Orleans, State of Louisiana, Civil Docket Number 18-1351, Div. "L", be removed to this Honorable Court, the United States District Court for the Eastern District of Louisiana, and for trial by jury and all just and equitable relief as allowed by law.

Respectfully submitted,

　　*/s/ Cory T. Stuart*　　　　　　　　　
**GUY D. PERRIER, ESQ. #20323**
gperrier@perrierlacoste.com
**CORY T. STUART, ESQ. #33394**
cstuart@perrierlacoste.com
Perrier & Lacoste, LLC
One Canal Place
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel:  (504) 212-8820
Fax:  (504) 212-8825

**ATTORNEYS FOR DEFENDANTS, DAVID M. ROBISON, KELLY TOURS, INC., AND PROTECTIVE INSURANCE COMPANY**

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMON MCFARLAND | * | CIVIL ACTION NO. |
| | * | |
| VERSUS | * | |
| | * | JUDGE: |
| PROTECTIVE INSURANCE | * | |
| COMPANY, KELLY TOURS, INC., | * | |
| DAVID M. ROBISON, AND STATE | * | MAGISTRATE: |
| FARM MUTUAL AUTOMOBILE | * | |
| INSURANCE COMPANY | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing pleading was this day forwarded to:

> Kris P. Kiefer, Esq. (No. 24993)
> KIEFER & KIEFER
> 2310 Metairie Road
> Metairie, Louisiana 70001
> **ATTORNEY FOR PLAINTIFF**
>
> Warren S. Edelman (No. 01344)
> FREDERICK A. MILLER & ASSOCIATES
> 1700 Lakeway II
> 3850 N. Causeway Blvd.
> Metairie, Louisiana 70002
> **ATTORNEY FOR STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid and properly addressed, by hand delivery, via facsimile transmission, and/or via email transmission.

New Orleans, Louisiana, this 18th day of July, 2018.

             ___*/s/ Cory T. Stuart*_____
              **CORY T. STUART, ESQ. #33394**