UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAMON MCFARLAND                                    CIVIL ACTION

VERSUS                                             NO: 18-6789

PROTECTIVE INSURANCE CO.,                          SECTION: "J"(4)
ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Remand* **(Rec. Doc. 8)** filed by Plaintiff, Damon McFarland. Three defendants—Kelly Tours, Inc. David M. Robinson, and Protective Insurance Company (collectively, the "Removing Defendants")—originally joined the Notice of Removal. State Farm Fire and Casualty Company ("State Farm") did not join in the Notice but did join the Removing Defendants in filing a joint opposition to remand. (Rec. Doc. 11). Considering the motion, the memoranda, the record, and the law, the Court finds the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

This litigation began on February 9, 2018, when Plaintiff filed suit in the Civil District Court for the Parish of Orleans for injuries he allegedly suffered in an automobile accident. (Rec. Doc. 1-3 at 1). In his original petition, Plaintiff alleges, "Damon McFarland[] was operating his 1999 Chevrolet Express . . . when suddenly and without warning, the driver's side of your petitioner's vehicle was struck by a 2016 Vanh Bus owned by defendant, Kelly Tours, Inc. and operated [by] defendant, David M. Robinson." (Rec. Doc. 1-3 at 2). Plaintiff demands damages for his injuries, which he alleges were caused by the negligence of Robinson and Kelly Tours, Inc. He

1

named these defendants' liability insurer, Protective Insurance Company, and his own uninsured or underinsured motorist insurer, State Farm, as additional defendants. It is undisputed that Plaintiff is a citizen of Louisiana and each of the defendants are citizens of other states. (*See* Rec. Doc. 1 at 6; *see generally* Doc. 1-3).

In his petition, Plaintiff does not specify any amount of damages he suffered. Discovery was therefore necessary to determine whether the amount in controversy exceeded the threshold for federal diversity jurisdiction. Accordingly, the Removing Defendants asked Plaintiff on February 19, 2018 whether Plaintiff would stipulate to damages below $75,000. (Rec. Doc. 1-4). On February 21, 2018, Plaintiff's counsel responded via e-mail that Plaintiff could not stipulate to damages less than $75,000. (Rec. Doc. 1-4). On March 15, 2018, the Removing Defendants filed a dilatory exception for vagueness with the state court, seeking clarification on whether the amount in controversy exceeded $75,000. (Rec. Doc. 1-13 at 38). Hearing on that motion was delayed until June 29, 2018. (Rec. Doc. 11 at 2). Discovery meanwhile progressed. Defendants received Plaintiff's medical records on June 26, 2018 and the Removing Defendants filed their Notice of Removal (Rec. Doc. 1) on July 18, 2018.

## **STANDARD OF LAW**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a) (2011). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir.

2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently $75,000. *Id.* The court considers the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

## PARTIES' ARGUMENTS AND DISCUSSION

### I.

Plaintiff does not challenge that the requirements of diversity jurisdiction are met; the Parties are diverse and the amount controversy exceeds $75,000. Rather, Plaintiff makes various procedural complaints—first, the Notice of Removal was untimely. Pursuant to 28 U.S.C. § 1446(b)(1), a defendant ordinarily has 30 days from receipt of the initial pleading to file a notice of removal. However, if "the case stated by the initial pleading is not removable"—as is true here—"a notice of removal may be filed within 30 days after receipt by the defendant . . . of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Plaintiff argues he refused to stipulate in an e-mail on February 28, 2018 that his damages did not exceed $75,000 and this e-mail constitutes "other paper" from which Defendants could "ascertain[ ] that the case is one which is or has become removable." (Rec. Doc. 8-2 at 8).

Plaintiff's argument is basically that his non-committal answer as to the amount of damages tipped his hand as to the amount in controversy, and therefore, the clock started ticking. Plaintiff also points to an e-mail from the Removing Defendants' counsel, which indicates the Defendants already suspected the amount in controversy exceeded the damages threshold. (Rec. Doc. 8-2 at 11) ("[W]e think that this litigation is removable."). But the Defendants' "subjective knowledge cannot convert a case into a removable action." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996). The Fifth Circuit's bright-line rule is that if a plaintiff "wishes the thirty-day time period to run from the defendant's receipt of the initial pleading," he must "place in the initial pleading a specific allegation that damages are in excess of the federal jurisdictional amount." *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992).

Consistent with that opinion, if Plaintiff wanted to trigger the 30-day deadline by virtue of an "other paper" in the form of his e-mail, Plaintiff should have specifically alleged in the e-mail that damages were in excess of the jurisdictional amount. The Court must not needlessly expend resources inquiring into what the Defendants knew or should have known. *See id.* Thus, the Court agrees with the Defendants that the 30-day clock started with the receipt of Plaintiff's medical records on June 26, 2018. *See Jacob v. Greyhound Lines, Inc.*, No. CIV.A. 02-2199, 2002 WL 31375612, at *3 (E.D. La. Oct. 21, 2002) (finding 30-day period was triggered when defendants received discovery responses indicating plaintiff's doctors

recommended surgery for bulging disc). If the Removing Defendants were the only defendants required to join in filing Notice, it was filed timely.

## II.

That brings the Court to Plaintiff's second argument—that not all the necessary Defendants timely joined in filing the Notice. Specifically, Plaintiff argues the Notice of Removal is defective because State Farm did not join or give its written consent within 30 days of receipt of the "other paper," therefore, the Notice violates the "rule of unanimity." The rule, as set forth by the Fifth Circuit, requires each served defendant to join the removal or that there be "timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have authority to do so, that it has actually consented to such action." *Getty Oil Corp., a Div. of Texaco v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).[1] The Removing Defendants did allege they received State Farm's consent for removal in the Notice (*See* Rec. Doc. 1 at 6), but Plaintiff points out that there is nothing that was introduced timely in the record from State Farm—or anyone formally empowered to act on its behalf—indicating State Farm's consent.[2] Indeed, district courts in the Fifth Circuit, this Court among them, have consistently remanded cases where a notice of removal included only an allegation of consent of a defendant not joining in the notice of removal. *See Spoon v.*

---

[1] To be "timely," consent must be given by all non-nominal defendants within the allowed 30-day period allowed by 28 U.S.C. § 1446. If this "has passed, defendants may not amend the notice[ ] to cure the defects." *Aucoin v. Gulf S. Pipeline Co.*, L.P., No. CIV.A. 04-824, 2004 WL 1196980, at *3 (E.D. La. May 26, 2004).

[2] Timeliness is the issue because State Farm has formally joined in the opposition to the Motion to Remand. The Court believes this constitutes "a written indication" of State Farm's consent to removal—the problem is that this manifestation of consent comes too late.

5

*Fannin Cty. Cmty. Supervision & Corr. Dep't*, 794 F. Supp. 2d 703, 707 (E.D. Tex. 2011) (collecting cases).

Plaintiff cites to a couple of cases running against the grain, *White v. Chevron, U.S.A., Inc.*, 1990 WL 28167 (E.D. La. 1990) and *Sercovich v. State Farm Mutual Automobile Insurance Company*, 1999 WL 970346 (E.D. La. 1999). In *Sercovich*, the court found that the removing defendant's counsel acted for a co-defendant in signing the notice of removal. *Sercovich*, 1999 WL 970346, *1. This relationship was formed when the removing defendant's counsel spoke with co-defendant's counsel and learned the co-defendant "join[ed] in the removal." *Id.* The Court does not necessarily disagree with the more forgiving approach set forth in *Sercovich*, but it cannot be squared with Fifth Circuit precedent. *See Getty Oil*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (rejecting that there was no issue of consent where removing defendant indicated in its notice that co-defendant had consented), *Jacob*, 2002 WL 31375612, at *7 (E.D. La. Oct. 21, 2002) ("Notwithstanding this looser construction of the formalities required by the rule of unanimity, the Court finds that *Getty* and *Gillis* control the issue. Defendants' notice of removal therefore violates the rule of unanimity."). Unless an applicable exception to the rule of unanimity applies, remand is required.

One such exception is that "nominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal." *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N. Am.*, 427 F.2d 325, 327 (5th Cir. 1970).

"To establish that non-removing parties are nominal parties, 'the removing party must show that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" *Farias v. Bexar Cty. Bd. of Trustees for Mental Health Mental Retardation Servs.*, 925 F.2d 866, 871 (5th Cir. 1991) (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)). In other words, the analysis under this exception is the same as is applied to improper joinder claims. *Id.* ("The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court.").

Defendants argue that State Farm, which has been sued as the Plaintiff's uninsured or underinsured liability carrier, is a nominal party because Defendants Kelly Tours, Inc. and David Robinson are covered by a policy issued by Protective Insurance Company that has a $5,000,000 limit. Plaintiff's petition alleges he sustained injuries to his cervical and lumbar spine and his shoulder—injuries Defendants say are not sufficiently severe to warrant damages nearing this policy limit. Defendants may be right, but "[t]he question for this Court is not 'whether the plaintiff will actually or even probably prevail on the merits, but only whether there exists a possibility that he may do so.'" *Benoit v. State Farm Fire & Cas. Co.*, No. CIV. A. 97-2594, 1998 WL 88864, at *2 (E.D. La. Feb. 27, 1998) (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992)).

The Court is not convinced that Defendants have met their heavy burden of showing that there is no possibility that Plaintiff will recover against State Farm.

7

Admittedly, given Plaintiff's answers to interrogatories, specifically his claim to medical expenses less than $20,000 and his forgoing of a claim for lost past wages (*See* Rec. Doc. 8-11 at 4-5), it is very unlikely that Plaintiff will prove damages greater than $5,000,000. That is not to say that recovery in excess of the policy limit would be *impossible*, but the real issue is coverage. Although it is true that Protective Insurance Company has not asserted specific coverage defenses, it has pleaded all the conditions, limitations, and exclusions of its policy in its answer (*See* Rec. Doc. 1-13 at 53), and it has not stipulated it will cover Plaintiff's damages. Without such a stipulation, the possibility remains that Plaintiff will raise a coverage defense at a later stage of litigation. (*See* Rec. Doc. 1-13 at 56) ("Defendants reserve the right to supplement and/or amend their *Answer* or defenses to the *Petition* as additional information becomes known through discovery, which is in its infancy."). For these reasons, "the Court is not persuaded that Defendants have shown that there is no possibility that Plaintiff can recover from [State Farm]." *See James v. Brierfield Ins. Co.*, No. CV 17-6931, 2017 WL 6033676, at *4 (E.D. La. Dec. 6, 2017) (remanding upon determining that underinsured motorist insurer was not a nominal defendant merely because defendant driver appeared to be protected by a $6,000,000 policy).

Thus, the Court finds that State Farm is not a nominal defendant, and because State Farm did not join in the Notice of Removal or provide written consent to removal within the 30-day period allowed, the rule of unanimity has been violated. Remand is required.[3]

---

[3] The Court does not reach Plaintiff's alternative argument that the Notice was defective because Defendants failed to timely file a corporate disclosure statement for Kelly Tours, Inc.

8

## CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Remand* **(Rec. Doc. 8)** is **GRANTED**, and the case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, this 29th day of January, 2019.

_____
UNITED STATES DISTRICT JUDGE
CARL J. BARBIER